UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GUZMAN,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 12-01698-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On October 15, 2012, Michael Guzman ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on January 14, 2013. On March 26, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 37 year old male who applied for Supplemental Security Income benefits on June 2, 2009. (AR 11.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since the application date. (AR 13.)

Plaintiff's claim was denied initially on July 23, 2009, and on reconsideration on February 9, 2010. (AR 11.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Michael D. Radensky on June 23, 2011, in San Bernardino, California. (AR 11.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 11.) Claimant's partner Cecelia Lopez, medical expert ("ME") Samuel Landau, M.D., and vocational expert ("VE") Troy L. Scott also appeared and testified at the hearing. (AR 11.)

The ALJ issued an unfavorable decision on July 14, 2011. (AR 11-22.) The Appeals Council denied review on September 12, 2012. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly rejected the March 15, 2011, opinions of Dr. Aida Cruz, M.D., a state agency consultative examiner.
2. Whether the ALJ properly considered the vocational expert's testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine

whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 2, 2009, the application date. (AR 13.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: history of abdominal gunshot wounds in 2004 with delayed complications treated surgically in 2010, diabetes mellitus II, and obstructive sleep apnea treated with continuous positive airway pressure. (AR 13-15.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 15.)

The ALJ then found that Plaintiff has the RFC to perform light work with the following limitations:

> . . . claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk two hours in an eight-hour workday; he has no sitting restrictions with normal breaks such as every two hours; occasional stooping and bending; he can climb stairs, but he cannot climb ladders, work at heights, or balance; and the work environment should be air-conditioned for temperature control.

(AR 15-20.) In determining this RFC, the ALJ made an adverse credibility determination, which Plaintiff does not contest here. (AR 17.)

At step four, the ALJ found that Claimant has no past relevant work. (AR 20.) At step five, however, the ALJ found that, considering the Claimant's age, education, lack of work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including packing machine operator, electronics worker, and mail clerk. (AR 21-22.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act since June 2, 2009, the date the application was filed. (AR 22.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly rejected the opinion of Dr. Cruz. The ALJ's RFC is supported by substantial evidence. So is the ALJ's step five finding that there is other work in the national economy that Plaintiff can perform. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY REJECTED THE OPINION OF CONSULTING PHYSICIAN DR. AIDA CRUZ

Plaintiff contends that the ALJ improperly rejected the opinion of Dr. Cruz. The Court disagrees.

### A. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §,§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing

reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    Analysis**

The ALJ's RFC provides that Plaintiff can perform light work, including lifting and carrying 20 pounds occasionally and 10 pounds frequently. (AR 15-16.) The RFC contains no handling limitation. Plaintiff contends that the ALJ improperly rejected limitations assessed by Dr. Aida Cruz, an internal medicine consultant who examined Plaintiff.

In her March 25, 2011, report, Dr. Cruz found Plaintiff's grip strength to be abnormal in both hands, 5-5-10 pounds in the right hand and 20-20-20 in the left hand. (AR 458.) Dr. Cruz, however, also found that range of motion was normal in the upper extremities, including the shoulders, elbows, wrists, and hands. (AR 459.) Dr. Cruz found Plaintiff only could lift and carry 10 pounds occasionally, and less than 10 pounds frequently and then stated, "No other functional limitations are given." (AR 460.) Nonetheless, in a Medical Source Statement, Dr. Cruz found that Plaintiff could only do "occasional" handling with either hand. (AR 465.)

Plaintiff contends that Dr. Cruz's occasional handling limitation is not contradicted and can be rejected only for clear and convincing reasons and that the ALJ failed even to discuss that limitation. Plaintiff also contends that the ALJ failed to offer specific, legitimate reasons for rejecting Dr. Cruz's 10 pound lifting and carrying limitation.

Plaintiff, however, not only does not challenge the ALJ's adverse credibility determination, but barely mentions it and does not acknowledge its impact on Dr. Cruz's findings. The ALJ gave great weight to the March 8, 2011, report of psychologist Dr. Harrell Reznick. (AR 14, 443-454.) Dr. Reznick found that Plaintiff consistently gave sub-optimal effort throughout the evaluation (AR 446) and that there was "compelling evidence of malingering."

7

(AR 452.) The ALJ made extensive findings that Plaintiff was malingering, based on Dr. Reznick's report and opinions. (AR 14-15, 17,19.) His Test of Memory Malingering was below chance, and other tests were invalid because of lack of effort. (AR 14, 19.) The ALJ noted Claimant would have to identify the wrong answer knowing the right answer to score below chance. (AR 17.) The ALJ found that Claimant attempted to exaggerate his symptoms for secondary gain and that the malingering evidence "undermines the Claimant's credibility in general." (AR 15.) The ALJ found that Claimant's subjective complaints were less than fully credible (AR 20) and not credible to the extent inconsistent with the RFC. (AR 17.) Significantly, Plaintiff does not challenge the ALJ's adverse credibility decision, which is a sufficient basis to reject any limitations inconsistent with the RFC.

Thus, Plaintiff's contention that the ALJ failed to offer a clear and convincing reason for rejecting Dr. Cruz's occasional handling limitation is incorrect. The ALJ specifically rejected Dr. Cruz's disability statement because it "does not adequately take into consideration all of the Claimant's <u>subjective</u> and objective symptoms, signs, limitations, and severity of condition." (AR 20 (emphasis added).) Indeed, Dr. Cruz does not appear to have read Dr. Reznick's report and findings, and thus her opinions do not consider Plaintiff's malingering and lack of effort. An ALJ may reject a physician's opinion based on discredited subjective complaints. <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001): <u>Morgan</u>, 169 F.3d at 602; <u>Andrews</u>, 53 F.3d at 1043.

The ALJ did not discuss Dr. Cruz's grip strength findings and occasional handling assessment directly. An ALJ, however, is not required to discuss all evidence presented but must explain why significant probative evidence has been rejected. <u>Vincent v. Heckler</u>, 739 F.2d 1393, 1394-1395 (9th Cir. 1984). Here, there was compelling evidence of malingering that the ALJ cited in rejecting Dr. Cruz's opinion setting forth limitations inconsistent with the assessed RFC.

Plaintiff may disagree with the ALJ's evaluation of the evidence, but it is the ALJ who is responsible for resolving conflicts in the medical evidence and ambiguities in the record. <u>Andrews</u>, 53 F.3d at 1039; <u>Magallanes</u>, 881 F.2d at 750. Where the ALJ's interpretation is

8

reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001.) The ALJ's adverse credibility finding is a clear and convincing reason for rejecting Dr. Cruz's opinion.

The same analysis applies to Dr. Cruz's opinion that Plaintiff only can carry and lift 10 pounds. (AR 20.) Plaintiff argues that Dr. Cruz's grip strength findings (AR 458), which the ALJ did not discuss, support her 10 pound lifting and carrying limitation. Again, however, the ALJ rejected Dr. Cruz's opinion because it does not take into account Claimant's subjective symptoms. (AR 20.) Plaintiff's malingering and serious lack of credibility, unchallenged by Plaintiff, is a specific, legitimate reason supported by substantial evidence to reject Dr. Cruz's opinions to the extent inconsistent with the RFC. There also was other evidence in the record from Dr. Landau and State agency reviewing physicians that Plaintiff could lift and carry 20 or more pounds. (AR 19-20, 33-37.) The ALJ properly found that Dr. Landau's opinions were supported by objective medical evidence, he had reviewed all the evidence in the record, and he was present at the hearing. (AR 19-20.)

The ALJ did not err in rejecting Dr. Cruz's opinion regarding limitations greater than those assessed in the RFC. The ALJ's RFC is supported by substantial evidence.

## II. THE ALJ'S STEP FIVE FINDING IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ's RFC specifies less than the full range of light work (AR 15-16) and, accordingly, consulted the services of a VE. Tackett v. Apfel, 180 F.3d 1094, 1002 (9th Cir. 1999.) VE Troy Scott testified at the hearing that someone with Claimant's age, education, work experience, and RFC could perform a number of unskilled light jobs in the national economy, including packing machine operator, electronics worker, and mail clerk. (AR 21.)

The Commissioner concedes that the VE's testimony that the packing machine operator job is light work was mistaken. In fact, that job is classified by the Dictionary of Occupational Titles ("DOT") as medium work (DOT 920.685-078). The VE failed to provide any explanation for this deviation from the DOT, which was error. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th

Cir. 1995) (ALJ may accept vocational expert testimony that varies from the DOT, but the record must contain "persuasive evidence to support the deviation.").

The VE's error, however, was harmless. Carmickle v. Comm'r, 533 F.3d 1155, 1162 (9th Cir. 2008) ("the relevant inquiry . . . is whether the ALJ's decision remains legally valid, despite [any] error"). The other two jobs are unskilled light occupations with sufficient jobs to satisfy the ALJ's step five burden.

Plaintiff, however, contends that these jobs are not consistent with the RFC limitation to only two hours standing and walking. (AR 16.) SSR 83-10 indicates that a job in this category can require a good deal of walking and standing. The Commissioner, however, points out that a job is in the light category "when it requires a good deal of walking or standing, <u>or when it involves sitting most of the time with some pushing and pulling of arm and leg controls</u>." SSR 83-10; 20 C.F.R. § 416.967(b). Plaintiff did not address the latter job characteristic. Thus, there was no conflict between the VE's opinion and the DOT, and the ALJ was entitled to rely on the VE's testimony without further foundation. Bayliss, 427 F.3d at 1217-18.

The ALJ's step five determination is supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: May 28, 2013             */s/ John E. McDermott*
                                                     JOHN E. MCDERMOTT
                                       UNITED STATES MAGISTRATE JUDGE